UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIEWIT CONSTRUCTORS, INC.,          **REPORT AND**
                                                   **RECOMMENDATION/**
v.                    Plaintiff,        **DECISION AND ORDER**

FRANBILT, INC.,                         Civil No. 07-CV-0121A(M)
MICHAEL BURNS,
THOMAS BARNES, and
FIRST NIAGARA BANK,
                   Defendants.

---

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §§636(b)(1)(A), (B) and (C) (Dkt. #12). Before me is the motion of defendant First Niagara Bank ("First Niagara") seeking to dismiss the complaint of plaintiff Kiewit Constructors, Inc. ("Kiewit") for failure to state a cause of action, and to stay this action and compel arbitration between Kiewit and defendant Franbilt, Inc. ("Franbilt") to determine ownership of the property which is the subject of this action (Dkt. #5). Oral argument was held on July 5, 2007. For the following reasons, I recommend that the motion be denied to the extent that it seeks dismissal of the complaint, and I order that the motion be denied to the extent that it seeks to stay this action and compel arbitration.[1]

**BACKGROUND**

In this action, Kiewit seeks to recover damages for alleged interference with its ownership rights in certain steel inventory manufactured for Kiewit by Franbilt in connection

---

[1] My authority concerning the motion to dismiss the complaint for failure to state a cause of action is limited to a report and recommendation. 28 U.S.C. §636(b)(1)(A),(B). However, that portion of the motion relating to arbitration is non-dispositive, and may be determined by me. Herko v. Metropolitan Life Insurance Co., 978 F. Supp. 141, 142 n. 1 (W.D.N.Y. 1997).

with a construction project for the New York City Department of Transportation. Kiewit alleges that the materials which it owned were "segregated from Franbilt's inventory and were stored at Franbilt' facility" (Dkt. 1, ¶18), and that Franbilt and First Niagara wrongfully deprived Kiewit of access to its property.

## DISCUSSION AND ANALYSIS

### A.   Motion to Dismiss The Complaint -- Standard for Dismissal

The standard governing a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is well settled. "Because the Federal Rules embody the liberalized concept of 'notice pleading', . . . the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low'". United States v. Baxter International, 345 F. 3d 866, 881 (11th Cir. 2003). Fed. R. Civ. P. 8(a)(2) requires the complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief". The complaint "does not have to set out in detail the facts upon which the claim is based", 2 Moore's Federal Practice (3rd Ed.) §8.04[1][a], because the Rules contemplate that "the short and plain statements of the pleadings are developed in more factual detail by using the pre-trial processes of disclosure and discovery that are set forth in Rules 26 through 37". Id., §8.02[2]. See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

Therefore, the complaint "may not be dismissed under Rule 12(b)(6) unless it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Bernheim v. Litt, 79 F. 3d 318, 321 (2d Cir. 1996). In deciding the

motion, I must "accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff". Id. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . . Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal." Id.

### B. Kiewit's Claims Against First Niagara

Kiewit's complaint contains four causes of action directed to First Niagara: County II ("Conversion - Wrongful Taking") (Dkt. #1, ¶¶16-29); Count III ("Conversion - Wrongful Detention") (Id., ¶¶30-36); Count IV ("Trespass to Chattel") (Id., ¶¶37-44); and Count V ("Tortious Interference with Contract") (Id., ¶¶45-49). While acknowledging that "Kiewit's complaint contains . . . a recitation of the elements of each cause of action" (Dkt. #8, p. 8), First Niagara nevertheless argues that the complaint is legally insufficient. Accordingly, each claim must be examined to ascertain its sufficiency.

#### 1. Conversion (Counts II and III)

Under New York law, the "two key elements of conversion are (1) plaintiff's possessory right or interest in the property . . . and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights". Colavito v. New York Organ Donor Network, Inc., 8 N.Y. 3d 43, 50 (2006). First Niagara argues that Kiewit fails to allege "that it had the right to immediately possess the Disputed Inventory, but was prevented by First Niagara from exercising its rights" (Dkt. # 8, p. 9).

However, Kiewit's complaint says nothing about "disputed" inventory; rather, it alleges that Kiewit was the owner[2] of certain inventory (Dkt. #1, ¶17), that First Niagara "was aware of . . . plaintiff's right and title to the Materials" (Id., ¶20), that First Niagara unreasonably refused to turn over the materials, as demanded by Kiewit (Id., ¶22), and that First Niagara "converted plaintiff's property and plaintiff was damaged and harmed as a result thereof" (Id. ¶24). These allegations are sufficient to state a cause of action for conversion. Compare Fed. R. Civ. P. Appendix of Forms, Form 11 ("Complaint for Conversion"), containing less detail than that alleged by Kiewit.[3]

First Niagara also argues that the complaint "is devoid of any dates, times or places relating to the alleged conversion by First Niagara" (Dkt. #8, p. 10). However, Fed. R. Civ. P. 8 does not require such allegations; and while Fed. R. Civ. P. 9(f) provides that "averments of time and place are material", that Rule "does not require specific allegations of place and time, but merely states that when such specific allegations are made, they are material". Jones v. United Gas Improvement Corp., 383 F. Supp. 420, 436 n. 2 (E.D. Pa. 1974).

First Niagara raises several arguments based upon matters outside the four corners of the complaint, such as that Kiewit and Franbilt disputed ownership of the inventory at issue, and that First Niagara had a security interest in Franbilt's inventory (Dkt. #8, pp. 10, 12). Normally these facts, even if true, may not be considered on this motion, which is limited to

---

[2] Inherent in the concept of "ownership" is the right to possession: "[o]wnership implies the right to possess a thing, regardless of any actual or constructive control". Black's Law Dictionary (Eighth Ed.).

[3] "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

consideration of the legal sufficiency of the complaint on its face. See Global Network Communications, Inc. v. City of New York, 458 F. 3d 150, 156 (2d Cir. 2006) ("the district court committed reversible error when, in ruling that the complaint failed to state a claim for which relief should be granted, it considered matters outside of plaintiff's complaint"). A motion for summary judgment, rather than this motion, "is the proper procedural vehicle to consider matters outside the pleadings". Id.[4]

   First Niagara argues that I should consider its "perfected security interests in Franbilt's inventory . . . [which] are evidenced by several UCC-1 filings made with the New York Secretary of State and are a matter of public record" (Dkt. # 47, p.2). While I "may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)", Pani v. Empire Blue Cross Blue Shield, 152 F. 3d 67, 75 (2d Cir. 1998) (emphasis added), cert. denied, 525 U.S. 1103 (1999), doing so in this case would not lead me to grant the motion, for the simple reason that First Niagara's security interest in Franbilt's inventory would not negate Kiewit's claim regarding First Niagara's interference with Kiewit's property, which, it alleges, was "segregated from Franbilt's inventory" (Dkt. # 1, ¶18) (emphasis added). Whether Kiewit can ultimately prove that claim is not the issue before me on this motion; the only question is whether it has sufficiently alleged the claim, and I conclude that it has.

---

  [4] At oral argument of the motion, First Niagara's attorney suggested that, if necessary, I convert the motion to a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(b). However, "conversion takes place at the discretion of the court", Aamot v. Kassel, 1 F. 3d 441, 445 (6th Cir. 1993), and I choose not to exercise that discretion in favor of converting the motion to one for summary judgment. "Because of the required early timing of a Rule 12(b)(6) motion, the option of converting it to a Rule 56 summary judgment motion tends to have limited utility". 2 Moore's Federal Practice, supra, §12.34[3][a]. Should First Niagara believe that summary judgment is warranted, it may file a motion pursuant to Fed. R. Civ. P. 56.

### 2. Trespass to Chattel (Count IV)

First Niagara mischaracterizes the requirements of a claim for trespass to chattel, arguing that the claim "must involve a physical contact with the chattel, thus resulting in physical harm" (Dkt. # 8, p. 20, citing Restatement (Second) of Torts §217(b) and City of Amsterdam v. Daniel Goldreyer, Ltd., 882 F. Supp. 1273, 1281 (E.D.N.Y. 1995)). Neither physical contact nor physical harm to the chattel is a necessary element of the cause of action. "A trespass to chattel occurs when a party intentionally damages or interferes with the use of the property belonging to another." City of Amsterdam, supra, 882 F. Supp. at 1281 (emphasis added); Restatement (Second) of Torts, §§217(a), 221.

First Niagara also argues that Kiewit fails to allege that First Niagara acted "'intentionally' and 'without justification'" (Dkt. # 8, p. 20). However, the complaint alleges that First Niagara "intentionally exercised complete dominion and control over the Materials" (Dkt. #1, ¶21), that it "refused to [turn over the Materials] for an unreasonable period of time" (Id., ¶22), and that its conduct was "gross, wanton, deliberate and willful or resulted from reckless disregard of plaintiff's rights" (Id., ¶23). Drawing "all reasonable inferences in favor of the plaintiff", Bernheim v. Litt, supra, I interpret these allegations as sufficient to state a cause of action for trespass to chattel.

### 3. Tortious Interference With Contract (Count V)

A claim for tortious interference with contract "requires proof of (1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach; and (4) damages". Foster v.

Churchill, 87 N.Y. 2d 744, 749-50 (1996). Kiewit's complaint alleges that First Niagara was aware of the material contract and ownership documents between Kiewit and Franbilt (Dkt. #1, ¶¶ 46, 47), that First Niagara "wrongfully induced and/or caused" Franbilt to breach the contract and ownership documents (Id., ¶48), and that Kiewit was thereby damaged (Id., ¶49).

While Kiewit does not specifically allege that First Niagara acted "intentionally", on a motion to dismiss "the complaint [must] be construed liberally", International Controls Corp. v. Vesco, 490 F. 2d 1334, 1351 (2d Cir. 1974), cert. denied, 417 U.S. 932 (1974), giving plaintiff the benefit of all reasonable inferences. Bernheim v. Litt, supra. Since Kiewit alleges that First Niagara was aware of the contracts and "wrongfully induced" the breach, I interpret the complaint as sufficiently alleging intentional action by First Niagara.

First Niagara attempts to read an additional requirement into the cause of action, arguing that plaintiff must also allege that defendant acted "without justification" (Dkt. #8, p. 16, citing Foster, supra, and Burba v. Rochester Gas & Electric Corp., 90 A.D. 2d 984, 985 (4th Dep't 1982)). However, the absence of justification is not an element of the cause of action. Instead, justification is a defense to the claim. Foster, supra, 87 N.Y. 2d at 750 ("[w]e conclude . . . that the defense of economic justification was established by the respondents"). As a defense, it is to be raised in First Niagara's answer, not in the complaint. See Fed. R. Civ. P. 8(b) ("a party shall state in short and plain terms the party's defenses to each claim asserted").[5]

---

[5] Moreover, even if Kiewit was required to allege that First Niagara acted without justification, the complaint's allegation that First Niagara "wrongfully induced and/or caused" the breach (Dkt. #1, ¶48) would sufficiently imply that First Niagara acted without justification.

## MOTION TO COMPEL ARBITRATION

First Niagara also moves to compel arbitration pursuant to an arbitration agreement (Dkt. #10, Ex. K) which provides that the dispute between Kiewit and Franbilt "with respect to the ownership of certain goods, including certain fabricated and raw structural steel materials . . . shall be submitted to final and binding arbitration". First Niagara argues that "upon finding of an enforceable arbitration agreement, the Court is mandated to direct the parties to proceed to arbitration". (Dkt. #8, pp. 18-19).

However, absent a proper request by one of the parties who are entitled to demand arbitration, I may not interfere with their election to litigate rather than arbitrate their dispute. "The right of arbitration, provided by contract, can be waived by the parties." American Locomotive Co. v. Chemical Research Corp., 171 F. 2d 115, 121 (6th Cir. 1948), cert. denied, 336 U.S. 909 (1949); Demsey & Associates, Inc. v. Steamship Sea Star, 461 F. 2d 1009, 1017 (2d Cir. 1972), abrogated on other grounds, Seguros "Illimani" S.A. v. M/V Popi P, 929 F. 2d 89, 93 n. 3 (2d Cir. 1991) ("the mere existence of an arbitration clause is not . . . a bar" to litigation). In order to avail themselves of the right to arbitrate a dispute, one of the parties entitled to seek arbitration must take an affirmative step, such as a motion to stay the litigation pending arbitration, or a motion to compel arbitration. Demsey, supra, 461 F. 2d at 1017; Trade Arbed, Inc. v. S/S Ellispontos, 482 F. Supp. 991, 999 (S.D. Tex. 1980).

The arbitration agreement provides that arbitration "may be initiated by either Kiewit or Franbilt" (Dkt. # 10, Ex. K, ¶1). At oral argument of the motion, counsel were unable to explain why the agreement does not authorize First Niagara to initiate arbitration, since it is also a party to the agreement. Regardless of the reason, the agreement clearly does not confer

that right upon First Niagara, and "it is not for us to . . . judicially rewrite the agreement because one party now wishes it were different." Saint Mary Home, Inc. v. Service Employees International Union, District 1199, 116 F. 3d 41, 45 (2d Cir. 1997).

Thus, the ability to compel arbitration rests not with First Niagara, but with Franbilt. Although Franbilt has filed a counterclaim requesting specific performance of the arbitration agreement (Dkt. #19, ¶83), the mere filing of a pleading referring to arbitration is insufficient to trigger the right to arbitration. "[I]n order to obtain [a stay pending arbitration], further action (other than pleading the right of arbitration as an affirmative defense) is necessary." Trade Arbed, supra, 482 F. Supp. at 999; American Locomotive, supra, 171 F. 2d at 121; Demsey, supra, at 461 F. 2d at 1017. See generally 9 U.S.C. §§3 and 4, setting forth the procedure for staying litigation and compelling arbitration.

Absent a proper application by Franbilt to stay the litigation and/or to compel arbitration[6], there is no reason for me to decide whether the arbitration agreement is enforceable or applicable to the claims asserted in this case.

## CONCLUSION

For these reasons, I RECOMMEND that First Niagara's motion (Dkt. # 5) be denied to the extent that it seeks dismissal of the complaint for failure to state a cause of action, and I ORDER that First Niagara's motion be denied to the extent that it seeks to stay this action and to compel arbitration. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

---

[6] "Courts have allowed some participation in a lawsuit without finding waiver" of the right to arbitrate. Demsey, supra, 461 F. 2d at 1017.

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED: July 13, 2007

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge