UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KIEWIT CONSTRUCTORS, INC., | **REPORT, RECOMMENDATION AND ORDER** |
| Plaintiff, | |
| FRANBILT, INC., MICHAEL BURNS, THOMAS BARNES, and FIRST NIAGARA BANK, | Civil No. 07-CV-0121A(M) |
| Defendants. | |

---

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §§636(b)(1)(A), (B) and (C) (Dkt. #12). Before me is the motion of plaintiff Kiewit Constructors, Inc. ("Kiewit") to dismiss the counterclaims of defendant Franbilt, Inc. ("Franbilt"), and for the entry of a default judgment against Franbilt (Dkt. #58). For the following reasons, I recommend that the motion be GRANTED in part, and DENIED in part.

## BACKGROUND

In this action, Kiewit seeks to recover damages for alleged interference with its ownership rights in certain steel inventory manufactured for Kiewit by Franbilt in connection with a construction project for the New York City Department of Transportation. Kiewit alleges that the materials which it owned were "segregated from Franbilt's inventory and were stored at Franbilt' facility" (Dkt. 1, ¶18), and that Franbilt and First Niagara wrongfully deprived Kiewit of access to its property.

Franbilt and its President, defendant Thomas J. Barnes, appearing by their counsel, Howard Berger, Esq., answered the complaint and asserted various counterclaims against Kiewit (Dkt. #19). Shortly thereafter, Mr. Berger moved to withdraw as Franbilt's counsel (Dkt. #42).[1] By order dated July 5, 2007 (Dkt. #46), I granted this motion, and because a corporation cannot proceed *pro se* (see Jones v. Niagara Frontier Transportation Authority, 722 F. 2d 20, 22 (2d Cir. 1988)), I directed that Franbilt appear by new counsel no later than July 25, 2007. A copy of this order was sent to Franbilt c/o its President, defendant Barnes (Dkt. #46). To date, new counsel has not appeared for Franbilt, nor has Franbilt advised that it intends to retain counsel.

On September 7, 2007 Kiewit filed this motion, a copy of which was served upon Franbilt c/o defendant Barnes (Dkt. #58), and I granted all parties until September 2, 2007 to respond (Dkt. #61). However, no opposition has been filed (Dkt. ##58, 61).

## DISCUSSION AND ANALYSIS

**A.     Dismissal of Franbilt's Counterclaims**

Kiewit moves to dismiss Franbilt's counterclaims against it for Franbilt's failure to prosecute (Dkt. #59, Point I). Pursuant to Fed. R. Civ. P. 41(b) and (c) a party may move for dismissal of a counterclaim for failure to prosecute or to comply with any order of the court. As discussed above, it is undisputed that Franbilt has failed to comply with my order directing it to appear by counsel. Consequently, pursuant to Fed. R. Civ. P. 41 (b) and (c), I recommend that Franbilt's counterclaims against Kiewit be dismissed.

---

[1]     Mr. Berger continues to represent defendant Barnes.

**B.     Entry of a Default Judgment Against Franbilt**

Kiewit also moves for the entry of a default judgment against Franbilt pursuant to Fed. Civ. R. 55(a) for its failure to defend (Dkt. ##58, 59, Point II).

Obtaining a default judgment is a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default" Fed. R. Civ. P. 55(a). Thereafter, a judgment by default may be entered upon application. See Fed. R. Civ. P. 55(b).[2]

"Disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend' " Shapiro, Bernstein & Co., Inc. v. Continental Record Co., Inc., 386 F. 2d 426, 427 (2d Cir. 1967). Applying this rationale, the Second Circuit has held that it is "appropriate to enter a default judgment when [a corporation] willfully disregard[s]" an order directing the corporation

---

[2] I note that Kiewit's relies on Fed. R. Civ. P. 55(a) for its motion. However, that provision governs entries of default, and not the default judgment Kiewit seeks. See Fed. R. Civ. P. 55(b). Nevertheless, I assume that this was a mere oversight, and have treated Kiewit's motion as seeking a default judgment.

I also note that Kiewit neglected to enter a default before moving for a default judgment. However, "courts may exercise their own power to enter default as a sanction or otherwise". Ariani, Inc. v. 1075 Concourse Tenants Corp., 93 Civ. 0377, 1999 WL 637238, *4 (S.D.N.Y. August 20, 1999) (citing 10 Moore's Federal Practice 55.1[2] (3d Ed. 1999)); see also Meehan v. Snow, 652 F. 2d 274, 276 (2d Cir. 1981) (holding that the failure to seek an entry of default before moving for a default judgment "was largely technical because the hearing on the . . . motion for the entry of default judgment afforded the . . . same opportunity to present mitigating circumstances that they would have had if a default had been entered and they had then moved under Rule 55(c) to set it aside").

to appear by counsel. Eagle Associates v. Bank of Montreal, 926 F. 2d 1305, 1310 (2d Cir. 1991); see Shapiro, supra, 386 F. 2d at 427 (reversing the denial of motion for a default judgment where a defendant corporation failed to comply with an order directing it to designate an attorney). Consequently, based on Franbilt's failure to comply with my order to appear by counsel, I direct the Clerk of the Court to enter an order of default against Franbilt and recommend that a default judgment on liability be entered against it.

Although Kiewit requests that the default judgment be entered for the amount demanded in the complaint (Dkt. #60, ¶11), plaintiff's claim is not for a sum certain. Therefore, a hearing on damages will occur when the liability of the remaining defendants is resolved. See Kidd v. Andrews, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004) (Larimer, J.) ("[W]here liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been resolved." (internal quotation marks omitted)); see also Lite-Up Corp. v. Sony Music Entertainment, Inc., No. 97 Civ. 1546, 1999 WL 436563, *2 (S.D.N.Y. June 24, 1999) ("[E]ven if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.").

## CONCLUSION

For these reasons, I ORDER that the Clerk of the Court enter a default in favor of Kiewit against Franbilt. I also RECOMMEND that Kiewit's motion be GRANTED insofar as it

seeks to dismiss Franbilt's counterclaims and the entry of a default judgment on liability against Franbilt, and otherwise be DENIED as being premature. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a

<u>Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:	October 4, 2007

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
